CV 14 - 3895

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

KEITH JENNINGS, PHILLIP SINGLETON       GLEESON, J.

                                        Plaintiff,      **COMPLAINT**

                -against-

THE CITY OF NEW YORK, P.O. WILSON P.
VERDESOTO Shield # 26997 and P.O. John Does # 1-5,     
the individual defendants sued individually and in their                ECF Case
official capacities,
                                                        Jury Trial Demanded

                                        Defendants.

------------------------------------------------------------------x

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The claims arise from an incident, which occurred on or about July 23, 2013. During the incident the City of New York and members of the New York City Police Department ("NYPD") subjected plaintiff to, among other things, false arrest, unreasonable force, unlawful search and seizure, failure to intervene, and implementation and continuation of an unlawful municipal policy, practice, and custom. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Kings County.

4. In addition, City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

5. Plaintiff KEITH JENNINGS is a resident of the State of New York, Kings County.

6. Plaintiff PHILLIP SINGLETON is a resident of the State of New York, Kings County.

7. Defendant CITY OF NEW YORK is a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

8. Defendants WILSON P. VERDESOTO assigned Shield # 26997, and John Does # 1-5 are New York City Police Officers, employed with the PSA3 Precinct, located in Brooklyn, New York who violated plaintiff's rights as described herein.

9. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

10. On or about July 23, 2013, at approximately 10:50 p.m., at and in the vicinity of 130 Moore Street, and 24 Humboldt Street, Brooklyn, New York, police officers from the PSA3 Precinct, including defendant P.O. Verdesoto, at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiffs.

11. On or about July 23, 2013, plaintiff Keith Jennings was in the vicinity of 130 Moore Street, Brooklyn, New York, when without reasonable suspicion or probable cause that plaintiff Keith Jennings had committed a crime, police officers including defendant P.O. Verdesoto, unlawfully arrested him.

2

12. During the arrest of plaintiff Keith Jennings, the police maliciously, gratuitously, and unnecessarily grabbed him, pushed him against a wall, and placed excessively tight handcuffs on his wrists.

13. On or about July 23, 2013, at and in the vicinity of 24 Humboldt Street, Brooklyn, New York, police officers from the PSA3 Precinct, including defendant P.O. Verdesoto, at times acting in concert and at times acting independently, committed the following illegal acts against plaintiff Phillip Singleton.

14. On or about July 23, 2013, plaintiff Phillip Singleton was in the vicinity of 24 Humboldt Street, Brooklyn, New York, socializing with a few friends, when without reasonable suspicion or probable cause that plaintiff Phillip Singleton had committed a crime, police officers including defendant P.O. Verdesoto, unlawfully arrested him.

15. During the arrest of plaintiff Phillip Singleton, police officers grabbed him, forced his arms behind his back, and hand-cuffed him.

16. The police transported plaintiffs to the PSA3 Precinct for arrest processing.

17. Thereafter, plaintiffs were removed to Brooklyn Central Booking, where they were subjected to depraved, filthy, and inhumane conditions of confinement before being arraigned.

18. While plaintiffs were incarcerated at the PSA3 Precinct and Central Booking awaiting arraignment, the defendants pursuant to a conspiracy, falsely and maliciously told the Kings County District Attorney's Office that plaintiffs had committed a crime, and based on the officer's false allegations, the District Attorney's Office decided to prosecute plaintiffs in Kings County Criminal Court under docket number 2013KN057327.

19. After being incarcerated overnight, plaintiffs were arraigned and at that time the case was adjourned in contemplation of dismissal on July 24, 2013, and dismissed on January 23, 2014.

20. The aforesaid events were not an isolated incident. Defendant City of New York had been aware (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of the NYPD's officers are insufficiently trained on the proper way to use force, search arrestees, and treat innocent and/or uninvolved individuals who are found at an incident scene and/or investigation location. Defendant City of New York was further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

21. Moreover, defendant City of New York was aware prior to the incident that the defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as officers. Despite such notice, defendant City of New York had retained these officers, and failed to adequately train and supervise them.

22. The individual defendants acted in concert committing the above described illegal acts toward plaintiffs.

23. Plaintiffs did not violate any law, regulation, or administrative code; commit any criminal act; or act in a suspicious or unlawful manner prior to or during the above incidents.

24. At no time prior to, during or after the above incidents were the individual defendants provided with information, or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had violated any law, regulation, or administrative

4

code; committed any criminal act; or acted in a suspicious or unlawful manner prior to or during the above incidents.

25. The defendants acted under pretense and color of state law and within the scope of their employment. Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs of their rights.

26. As a result of defendants' actions plaintiffs experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

27. Plaintiffs are entitled to receive punitive damages from the individual defendants because the individual defendants' actions were motivated by extreme recklessness and indifference to plaintiffs' rights.

## FIRST CLAIM
### (UNLAWFUL SEARCH AND SEIZURE UNDER FEDERAL LAW)

28. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

29. Defendants unlawfully stopped and searched plaintiffs without cause or consent.

30. Accordingly, defendants are liable to plaintiffs for unlawful search and seizure under 42 U.S.C. § 1983; and the Fourth and Fifth Amendments to the United States Constitution.

## SECOND CLAIM

### (FALSE ARREST UNDER FEDERAL LAW)

31. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein

32. Defendants falsely arrested plaintiffs without consent, an arrest warrant, probable cause, or reasonable suspicion that plaintiffs had committed a crime.

33. Accordingly, defendants are liable to plaintiffs for false arrest under 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## THIRD CLAIM

### (UNREASONABLE FORCE)

34. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

35. The individual defendants' use of force upon plaintiffs was objectively unreasonable.

36. The individual defendant officers did not have an objective and/or reasonable basis to use any degree of force against plaintiffs.

37. Those defendants who did not touch plaintiffs, witnessed these acts, but failed to intervene and protect plaintiffs from this conduct.

38. Accordingly, the defendants are liable to plaintiffs for using unreasonable and excessive force, pursuant to 42 U.S.C. § 1983; and the Fourth Amendment to the United States Constitution.

## FOURTH CLAIM

### (FAILURE TO INTERVENE)

39. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

40. The individual defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

41. Accordingly, the individual defendants are liable to plaintiffs for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## FIFTH CLAIM

### (MONELL CLAIM)

42. Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

43. Defendant City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiffs.

44. Defendant City of New York through the NYPD and its officers, committed the following unconstitutional practices, customs and policies against plaintiffs: (1) unlawfully stopping and searching innocent persons; (2) wrongfully arresting innocent persons in order to meet productivity goals; (3) wrongfully stopping, searching and arresting individuals based on pretexts and profiling; (4) using unreasonable force on individuals; and (5) fabricating evidence against innocent persons.

45. Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

46. Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them. Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

47. Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice and/or policy) would stop, arrest and prosecute innocent individuals, based on pretexts and false evidence.

48. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct involving the individual defendants, placing the defendant City of New York on notice of the individual defendants' propensity to violate the rights of individuals.

49. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

50. The existence of the aforesaid unconstitutional customs and polices of profiling minorities, may be inferred by the August 12, 2013 decision in *Floyd, et al. v. City of New York, et al.*, 08-cv-1034-SAS, finding that the NYPD had violated the rights of thousands of citizens with respect to the application of its "Stop and Frisk" policy.

51. The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

**WHEREFORE**, plaintiffs demand a jury trial and the following relief jointly and severally against the defendants:

      a.      Compensatory damages in an amount to be determined by a jury;

      b.      Punitive damages in an amount to be determined by a jury;

      c.      Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

      d.      Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    Brooklyn, New York
               June 23, 2014

                              ANDREW S. RENDEIRO, ESQ.
*Attorney for Plaintiff*
Flamhaft Levy Hirsch & Rendeiro LLP
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 237-1900
asrendeiro@yahoo.com
By: _____
ANDREW S. RENDEIRO

MICHAEL O. HUESTON, ESQ.
*Attorney for Plaintiff*
16 Court Street, Suite 3301
Brooklyn, New York 11241
(718) 246-2900
mhueston@nyc.rr.com